IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KARI PURDIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:15-CV-3956-D |
| VS. | § | |
| | § | |
| WELLS FARGO BANK, N.A., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Kari Purdin ("Purdin") brings common law and statutory claims against defendant Wells Fargo Bank, N.A. ("Wells Fargo") arising from Wells Fargo's conduct related to Purdin's residential loan. Wells Fargo moves to dismiss under Fed. R. Civ. P. 12(b)(6), contending that Purdin's complaint fails to state a claim on which relief can be granted. For the reasons explained, the court grants the motion and also grants Purdin leave to replead.

I

In 2009 Purdin began experiencing financial difficulties and fell behind on her mortgage payments on her residential property located in Coppell, Texas (the "Property").[1]

---

[1]In deciding this Rule 12(b)(6) motion, the court construes the complaint in the light most favorable to Purdin, accepts all well-pleaded factual allegations, and draws all reasonable inferences in her favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). "The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Purdin first applied for a loan modification from Wells Fargo in 2013. According to the complaint, Wells Fargo denied the application for fraudulent reasons, including misrepresenting that Purdin's request was denied due to "Texas Cash Out" restrictions, and that Texas home equity accounts were incompatible with Home Affordable Modification Program ("HAMP") requirements. In January 2015 Wells Fargo sent Purdin a notice of foreclosure proceedings. Shortly thereafter, Purdin again applied for a loan modification, which Wells Fargo denied on the basis that, considering Purdin's monthly income, Wells Fargo could not create an affordable mortgage payment that met HAMP requirements. Purdin contends that this, too, was a misrepresentation because Wells Fargo misstated the amount of her monthly income. Purdin appealed the denial of her loan modification application. Wells Fargo denied the appeal, maintaining that Purdin did not meet the requirements for a loan modification. Purdin avers that, in doing so, Wells Fargo again misstated the amount of her monthly income. In June 2015 Wells Fargo notified Purdin that it was initiating foreclosure proceedings.

Purdin then filed this lawsuit, alleging claims for fraud, misrepresentation, violation of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45(a), and equitable estoppel. She also seeks declaratory and injunctive relief. Wells Fargo moves to dismiss all of Purdin's claims. Purdin opposes the motion.

II

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re*

- 2 -

*Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  To survive Wells Fargo's motion, Purdin's complaint must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

III

Wells Fargo moves to dismiss Purdin's fraud claim.

A

The elements of common law fraud in Texas are:

> (1) a material representation was made; (2) it was false when made; (3) the speaker either knew it was false, or made it without knowledge of its truth; (4) the speaker made it with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result.

*Choe v. Bank of Am., N.A.*, 2013 WL 3196571, at *5 (N.D. Tex. June 25, 2013) (Fitzwater, C. J.) (quoting *Fluorine On Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 858 (5th Cir. 2004) (Texas law) (citations omitted)), *aff'd*, 605 Fed. Appx. 316 (5th Cir. 2015).  Purdin contends that Wells Fargo made numerous material misrepresentations in denying her loan modification applications, including stating that Texas home equity accounts were incompatible with HAMP requirements, that it could not create an affordable mortgage payment that met HAMP requirements based on Purdin's monthly income, and that Purdin did not meet the requirements for a loan modification.

B

Wells Fargo contends first that the economic loss doctrine bars Purdin's fraud claim. Under Texas law, the acts of the parties to a contract "'may breach duties in tort or contract alone or simultaneously in both.  The nature of the injury most often determines which duty or duties are breached.  When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone.'"  *Choe v. Bank of Am., N.A.*, 2013 WL 6159308,

at *6 (N.D. Tex. Nov. 25, 2013) (Fitzwater, C.J.) (quoting *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)), *aff'd*, 605 Fed. Appx. 316 (5th Cir. 2015). This is generally known as the economic loss rule. *See Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 415 (Tex. 2011). But the Supreme Court of Texas has held that, despite this general rule, economic losses can still be recovered for certain tort causes of action, including fraud. *See id.* at 418-19.

This case is not, as Wells Fargo argues, one in which the sole basis for liability against the defendant is contractual in nature. Purdin does not seek to hold Wells Fargo liable for actions that would breach the terms of the loan contract. Rather, she alleges that Wells Fargo made certain misrepresentations of material fact when denying her loan applications. As pleaded, the nature of Purdin's injury is one stemming from acts of fraud, not breach of the loan contract. Accordingly, the economic loss doctrine does not bar Purdin's fraud claim.

## C

Wells Fargo argues next that Purdin cannot show justifiable reliance. To recover on a fraud claim, a plaintiff must show actual and justifiable reliance. *See Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010). To determine whether reliance is justifiable, the court "must inquire whether, 'given a fraud plaintiff's individual characteristics, abilities, and appreciation of facts and circumstances at or before the time of the alleged fraud[,] it is extremely unlikely that there is actual reliance on the plaintiff's part.'" *Id.* (quoting *Haralson v. E.F. Hutton Grp., Inc.*, 919 F.2d 1014, 1026 (5th Cir. 1990) (applying Texas law)).

Purdin alleges that "[i]n reliance upon Wells Fargo's misrepresentations, [she] avoided foreclosure alternative (e.g., refinancing, deed in lieu of foreclosure, short sale, etc.) given her false belief that [Wells Fargo] would modify her loan." Compl. ¶ 42.  Wells Fargo posits that none of the alleged misrepresentations could lead to the reasonable or justified belief that Wells Fargo might modify Purdin's loan.  It maintains that the complaint alleges that each alleged misrepresentation clearly informed Purdin that she had been denied a loan modification, and that some of the denial letters, which are attached as exhibits to the complaint, even invited Purdin to pursue different foreclosure alternatives with Wells Fargo. Wells Fargo therefore contends that Purdin's avoidance of other foreclosure alternatives based on the belief that Wells Fargo would modify her loan was unjustified.

Purdin responds that she "could not afford any of the available foreclosure alternatives that [Wells Fargo] offered," and she presents new ways in which she relied on Wells Fargo's alleged misrepresentations.  P. Resp. 4.  When ruling on a motion to dismiss, the court does not consider additional facts that are alleged in a response brief but not in the complaint.  *See Leal v. McHugh*, 731 F.3d 405, 407 n.2 (5th Cir. 2013); *Roubinek v. Select Portfolio Servicing Inc.*, 2012 WL 2358560, at *3 n.2 (N.D. Tex. June 21, 2012) (Fitzwater, C.J.) (citing *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008) ("[W]hen deciding, under Rule 12(b)(6), whether to dismiss for failure to state a claim, the court considers, of course, only the allegations in the complaint."); *Coach, Inc. v. Angela's Boutique*, 2011 WL 2634776, at *2 (S.D. Tex. July 5, 2011) ("Allegations contained in a response to a motion to dismiss are not appropriately considered in a Rule 12(b)(6) motion,

which evaluates the sufficiency of the complaint itself and does not consider allegations not contained in the pleadings." (citation omitted))).

Purdin's complaint does not sufficiently plead justifiable reliance. Purdin does not allege that Wells Fargo ever stated (or implied) that it would (or might) modify her loan; rather, Purdin contends that Wells Fargo denied each of her loan modification applications, misrepresenting the reasons for the denials. If a bank denies a loan modification application, even if in doing so it misrepresents the reasons for the denial, the party seeking the loan modification is not justified in believing that the bank might in fact modify the loan.[2]

Accordingly, the court dismisses Purdin's fraud claim.

IV

Wells Fargo moves to dismiss Purdin's misrepresentation claim for the same reasons that it moves to dismiss her fraud claim—that is, the economic loss rule bars the claim, and Purdin cannot establish justifiable reliance. Wells Fargo avers that Purdin's misrepresentation claim is based on the same allegations as is her fraud claim, and that the factual allegations supporting these claims are identical. Purdin does not dispute that her fraud and misrepresentation claims are based on the same allegations. Because Purdin relies on the same allegations to support her fraud and misrepresentation claims, and because the

---

[2]The court can envision a scenario where there might be justifiable reliance, such as where the bank misrepresents that it denied a loan modification application for a reason that is curable, and it misrepresents that it is willing to modify the loan if the borrower takes certain curative steps. This, however, is not what Purdin alleges here. And such reliance would relate to the conduct of the bank in denying the *subsequent* loan modification application, not in denying the *initial* application.

court has already held that the complaint fails to plausibly plead justifiable reliance, the court dismisses Purdin's misrepresentation claim.

## V

Wells Fargo moves to dismiss Purdin's FTCA claim on the ground that the FTCA does not provide a private cause of action. The court agrees. "[The] FTCA does not provide a private cause of action." *Perry v. Fed. Nat. Mortg. Ass'n*, 2014 WL 3972295, at *3 (N.D. Tex. Aug. 13, 2014) (Boyle, J.) (citing cases) ("Because the FTCA does not provide a private cause of action, [plaintiff's] claims alleging FTCA violations are not claims upon which relief can be granted."); *see also Hidden Values, Inc. v. Wade*, 2012 WL 1836087, at *7 (N.D. Tex. May 18, 2012) (Lindsay, J.); *Sw. Materials Handling Co. v. Nissan Motor Co.*, 2000 WL 1664160, at *6 (N.D. Tex. Nov. 3, 2000) (Kendall, J.). Accordingly, the court dismisses Purdin's FTCA claim.

## VI

Wells Fargo moves to dismiss Purdin's equitable estoppel claim. "Generally, Texas law defines estoppel as 'conduct which causes the other party to materially alter his position in reliance on that conduct.'" *Monumental Life Ins. Co. v. Hayes-Jenkins*, 403 F.3d 304, 311 (5th Cir. 2005) (quoting *Braugh v. Phillips*, 557 S.W.2d 155, 158 (Tex. App. 1977, writ ref'd n.r.e.)).

> The doctrine of equitable estoppel requires "(1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5)

- 8 -

who detrimentally relies on the representations."

*Canal Indem. Co. v. Palmview Fast Freight Transp., Inc.*, 750 F.Supp.2d 743, 750 (N.D. Tex. 2010) (Fitzwater, C.J.) (quoting *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008)).   In support of her equitable estoppel claim, Purdin contends that "Defendant should be estopped from asserting any right to foreclose upon or take possession of Subject Property" because "Defendant made certain misrepresentations to Plaintiff as described throughout this Complaint"; "Defendant intended Plaintiff to rely on its misrepresentations"; "Plaintiff justifiably relied on all of Defendant's misrepresentations"; "[i]n reliance upon Defendant's misrepresentations, Plaintiff avoided foreclosure alternatives (e.g., refinancing, deed in lieu of foreclosure, short sale, etc.) in hopes that Defendant would modify the Loan"; and "Plaintiff was damaged as a result [of] Defendant's misrepresentations" because "Plaintiff made numerous mortgage payments towards a loan she could not afford," "has incurred court fees to enforce her legal rights," and "has suffered the slander of her representation."  Compl. ¶ 62.

Wells Fargo points out that "some Texas courts have refused to recognize equitable estoppel as a distinct cause of action separate from promissory estoppel or fraud." *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 549 (5th Cir. 2010) (internal brackets and quotations removed) (citing cases).   Consequently, Wells Fargo appears to treat Purdin's equitable estoppel claim as one for promissory estoppel, and it contends that this claim fails because Purdin has not alleged a promise that she seeks to enforce.  In her opposition brief, Purdin does not respond to these arguments; rather, she alleges new facts to support her equitable

estoppel claim.  As discussed above, in determining whether Purdin's complaint states a claim on which relief can be granted, the court will not consider facts alleged only in a response brief.  *See Roubinek*, 2012 WL 2358560, at \*3 n.2.

It is unclear whether the complaint asserts an equitable estoppel or promissory estoppel claim.  Count four is labeled "equitable estoppel" and appears to state the elements of equitable estoppel.  In her prayer for relief, however, Purdin asks the court to enter a judgment declaring "that Wells Fargo is required by the doctrine of *promissory estoppel* to offer a permanent modification to Plaintiff."  Compl. at 17 (emphasis added).  But this claim fails regardless of which type of estoppel is alleged.  Assuming *arguendo* that Purdin intends to bring a *promissory estoppel* claim, the court agrees with Wells Fargo that Purdin has not alleged a promise by Wells Fargo.  *See Innovation First Int'l, Inc. v. Prod. Dev. Q, LLC*, 2012 WL 3704427, at \*2 (N.D. Tex. Aug. 28, 2012) (Fitzwater, C.J.) (citing *Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982); *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936 (Tex. 1972)) ("Promissory estoppel allows enforcement of an otherwise unenforceable oral agreement when (1) the promisor makes a promise that he should have expected would lead the promisee to some definite and substantial injury; (2) such an injury occurred; and (3) the court must enforce the promise to avoid the injury.").

Additionally, the court raises *sua sponte* that, assuming *arguendo* that *equitable estoppel* is a legally viable claim,[3] Purdin does not plead sufficient facts to show that she

---

[3]The court has previously stated that "'[e]quitable estoppel is not a cause of action but may be asserted as a defensive plea to bar a defendant from raising a particular defense.'"

reasonably relied on Wells Fargo's alleged misrepresentations.  In an equitable or promissory estoppel claim, "reliance is fundamental." *Bluebonnet Sav. Bank, F.S.B. v. Grayridge Apartment Homes, Inc.*, 907 S.W.2d 904, 912 (Tex. App. 1995, writ denied) (citing *Collins v. Allied Pharmacy Mgmt., Inc.*, 871 S.W.2d 929, 937 (Tex. App. 1994, no writ)) (concluding that there was no evidence to support estoppel because "there was no justifiable reliance"). And "[r]eliance on the promise must be reasonable and justified." *Gilmartin v. KVTV Channel 13*, 985 S.W.2d 553, 558 (Tex. App. 1998, no pet.) (citing *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 436 (Tex. 1997); *Sipco Servs. Marine, Inc. v. Wyatt Field Serv. Co.*, 857 S.W.2d 602, 605 (Tex. App. 1993, no writ)).  For the reasons stated above, Purdin has not adequately pleaded reliance.  Purdin's estoppel claim must also fail because she alleges only conclusory allegations, not specific facts, in support of many elements of her claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted).

Accordingly, the court dismisses Purdin's estoppel claim.

## VII

Wells Fargo moves to dismiss Purdin's request for declaratory judgment and a permanent injunction on the ground that Purdin has not alleged a viable cause of action. Purdin requests that the court enter judgment declaring that Wells Fargo committed breach

---

*Metcalf v. Deutsche Bank Nat. Tr. Co.*, 2012 WL 2399369, at *8 n.14 (N.D. Tex. June 26, 2012) (Fitzwater, C.J.) (quoting *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 n.1 (Tex. 2004)).

of contract and breach of the covenant of good faith and fair dealing, and that Wells Fargo

is required, by the doctrine of promissory estoppel, to offer a permanent loan modification

to Purdin.   Purdin also requests that the court permanently enjoin Wells Fargo from

continuing to harm her and from taking any foreclosure activity with respect to the Property.

The court dismisses Purdin's declaratory judgment claim.

> The federal Declaratory Judgment Act ["DJA"] does not create
> a substantive cause of action.  A declaratory judgment action is
> merely a vehicle that allows a party to obtain an early
> adjudication of an actual controversy arising under other
> substantive law.  Federal courts have broad discretion to grant
> or refuse declaratory judgment.  Since its inception, the DJA has
> been understood to confer on federal courts unique and
> substantial discretion in deciding whether to declare the rights
> of litigants.  The DJA is an authorization, not a command.  It
> gives federal courts the competence to declare rights, but it does
> not impose a duty to do so.

*Turner v. AmericaHomeKey Inc.*, 2011 WL 3606688, at *5 (N.D. Tex. Aug. 16, 2011)

(Fitzwater, C.J.) (citation omitted), *aff'd*, 514 Fed. Appx. 513 (5th Cir. 2013).  Because

Purdin has failed to plead plausible substantive claims for breach of contract, breach of the

covenant of good faith and fair dealing, and promissory estoppel, the court declines in its

discretion to entertain her request for a declaratory judgment.

The court also dismisses Purdin's request for a permanent injunction.  "Under Texas

law, a request for injunctive relief is not itself a cause of action but depends on an underlying

cause of action."  *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *4 (N.D. Tex. July

12, 2010) (Fitzwater, C.J.) (citing *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.

2008, no pet.)).  "Injunctive relief is simply a form of equitable remedy."  *Id.* (citing *Brown*,

- 12 -

260 S.W.3d at 122); *see also Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (holding that injunctive relief requires that plaintiff first plead viable underlying cause of action).  Because Purdin has failed to plead a plausible claim against Wells Fargo, she is not entitled to a permanent injunction, and her request for this relief is dismissed.

Accordingly, Purdin's requests for declaratory relief and injunctive relief are dismissed.

VIII

Although the court is granting the motion to dismiss, it will permit Purdin to replead. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."  *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (citation omitted).  Because Purdin has not stated that she cannot, or is unwilling to, cure the defects that the court has identified, and because she is proceeding *pro se*, the court grants her 28 days from the date this memorandum opinion and order is filed to file an amended complaint.

- 13 -

\* \* \*

For the reasons explained, Wells Fargo's motion to dismiss under Rule 12(b)(6) is granted, and Purdin is granted leave to replead.

**SO ORDERED**.

March 23, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE